UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAM ROUSSELLE, SR.,

    *Plaintiff*,

v.

FEDERAL EMERGENCY
MANAGEMENT AGENCY, *et al.*,

    *Defendants*.

Civil Action No. 24-3198 (LLA)

## ORDER

On October 31, 2024, Adam Rousselle, Sr., filed a petition for a writ of mandamus purportedly on behalf of the Caribbean Basin Power Authority Corporation ("CBPA") against the Federal Emergency Management Agency ("FEMA") and the Central Office for Recovery, Reconstruction, and Resiliency ("COR3") (collectively, "Defendants"). ECF No. 1. In it, Mr. Rousselle alleged that Defendants had improperly denied CBPA's applications for public assistance and hazard mitigation funding under the Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 *et seq.*, and the Bipartisan Budget Act, Pub. L. No. 116-37 (2019). ECF No. 1, at 3.

Because a corporation may only appear in the federal courts through licensed counsel, *Greater Se. Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009), the court ordered Mr. Rousselle to show cause why CBPA should not be dismissed as a party. Dec. 3, 2024 Minute Order. After Mr. Rousselle moved for an extension of time to respond, ECF No. 6, the court extended the show-cause deadline until January 31, 2025. Dec. 23, 2024 Minute Order. On January 29, 2025, Mr. Rousselle moved to voluntarily dismiss CBPA as a plaintiff and sought to

"continue as the sole pro se petitioner in this matter." ECF No. 9, at 1. Mr. Rousselle explained that the "CBPA ha[d] been unable to retain legal counsel." *Id.*

On February 5, 2025, the court granted Mr. Rousselle's motion to voluntarily dismiss CBPA. ECF No. 11. Because the original petition only alleged injuries sustained by CBPA, *see generally* ECF No. 1, the court ordered Mr. Rousselle to show cause "why this case should not be dismissed for lack of standing now that CBPA is no longer a party to the suit." ECF No. 11, at 2. Mr. Rousselle responded the next day, arguing that he had suffered personal injuries sufficient to confer standing. ECF No. 12.

After filing his response, Mr. Rousselle submitted a series of additional filings. On February 8, he moved for the court to take judicial notice of emails between him and FEMA's counsel, ECF No. 16, which FEMA opposed, ECF No. 17. On February 20, he moved to amend his petition for a writ of mandamus and convert it into a class action complaint, ECF No. 20, moved to certify a class consisting of all three million residents of Puerto Rico, ECF No. 21, and moved for a default judgment against FEMA, ECF No. 22.[1] Then, on February 26, Mr. Rousselle moved for a default judgment against COR3. ECF No. 27. In the interim, FEMA filed a motion for an extension of time to respond to Mr. Rousselle's motion to amend and motion to certify class. ECF No. 23.

Article III standing is an "irreducible constitutional minimum" and requires the plaintiff to demonstrate: (1) that he suffered an injury in fact, which is a concrete and particularized harm that is actual or imminent, rather than hypothetical; (2) a causal connection between the injury and the

---

[1] Mr. Rousselle's motion for default judgment argues that FEMA did not respond to the petition for a writ of mandamus in a timely fashion, but FEMA filed a still-pending motion for an extension of time to respond to the petition on February 7, before the original deadline. ECF No. 14. The court has yet to rule on the extension motion, so FEMA is not at fault for the delay in responding.

challenged conduct that is fairly traceable to the defendant's actions; and (3) a non-speculative likelihood that the injury will be redressed by a decision in the plaintiff's favor. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The court concludes that Mr. Rousselle cannot establish standing to proceed pro se. All the injuries alleged in the petition are injuries to CBPA, not to Mr. Rousselle personally. *See* ECF No. 1, at 7-8 (alleging denial of public assistance that "directly harm[s] both CBPA and the island's residents" and the "depriv[ation] [to] CBPA of access to critical funds"). Similarly, the petition's requested relief only applies to CBPA, not to Mr. Rousselle. *Id.* at 8-9 (asking the court to "[o]rder FEMA and COR3 to process CBPA's applications for public assistance and hazard mitigation funding in a non-discriminatory manner" and "[p]rovide injunctive relief to prevent further delays and ensure that CBPA's applications receive fair and timely consideration").

Mr. Rousselle insists that he has suffered personal injuries in several ways. First, he argues that he has faced threats to personal safety arising out of the claims in his petition. ECF No. 12, at 2. But none of the petition's causes of action (alleged violations of the Stafford Act and Bipartisan Budget Act) would remedy those harms. *See Rainbow/PUSH Coal. v. Fed. Commc'ns Comm'n*, 396 F.3d 1235, 1240 (D.C. Cir. 2005) (explaining that the plaintiff must show that his injury is "redressable by the relief requested" (quoting *Microwave Acquisition Corp. v. Fed. Commc'ns Comm'n*, 145 F.3d 1410, 1412 (D.C. Cir. 1998))). Second, he alleges harm to his personal reputation, but does not clearly point to any evidence of such harm in the record. ECF No. 12, at 2 (citing instances where Mr. Rousselle "invoked [his] personal expertise and reputation" in communicating with FEMA, but without explaining how his reputation was actually injured). Finally, Mr. Rousselle asserts financial harm because he invested his own resources into enterprises that eventually formed the basis of CBPA. ECF No. 12, at 2-3 (explaining that he

committed significant personal finances to the "Project Equity" program, which predated the creation of CBPA).  But, according to the petition, CBPA appears to run Project Equity.  *See, e.g.*, ECF No. 1, at 3 (referring to the program as "CBPA's transformative Project Equity"), 4-5 (explaining that FEMA denied CBPA's applications under the Stafford Act because "CPBA's Project Equity was ineligible for funding").  And if the petition were granted, CBPA, *not* Mr. Rousselle, would financially benefit from that ruling.  It is clear that CBPA is a better-suited plaintiff for these alleged harms, and Mr. Rousselle may not circumvent the counsel requirement for corporations by adopting CBPA's injuries as his own.  *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 794 (D.C. Cir. 2010) (explaining that a plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975))).[2]

Because Mr. Rousselle lacks standing to proceed, the court does not have jurisdiction over his petition.[3]  Accordingly it is hereby

**ORDERED** that Plaintiff's Petition for a Writ of Mandamus, ECF No. 1, is **DISMISSED** without prejudice; it is further

**ORDERED** that FEMA's Motion for an Extension of Time to Respond to Plaintiff's Petition for a Writ of Mandamus, ECF No. 14, is **DENIED AS MOOT**; it is further

**ORDERED** that Plaintiff's Motion to Take Judicial Notice, ECF No. 16, is **DENIED AS MOOT**; it is further

---

[2] Relatedly, a pro se plaintiff may not appear as a lead plaintiff in a class action lawsuit.  *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015) ("[A] *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative."); *cf. Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (holding that a pro se plaintiff "is not qualified to appear in the District Court or in this court as counsel for others").

[3] The court's standing analysis applies with equal force to Mr. Rousselle's claims against the second Defendant, COR3, because he alleges the same claims against both Defendants.

**ORDERED** that Plaintiff's Motion to Amend Petition for a Writ of Mandamus, ECF No. 20, is **DENIED AS MOOT**; it is further

**ORDERED** that Plaintiff's Motion to Certify Class, ECF No. 21, is **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment as to FEMA, ECF No. 22, is **DENIED AS MOOT**; it is further

**ORDERED** that FEMA's Motion for an Extension of Time to Respond to Plaintiff's Motion to Certify Class, ECF No. 23, is **DENIED AS MOOT**; and it is further

**ORDERED** Plaintiff's Motion for Default Judgment as to COR3, ECF No. 27, is **DENIED AS MOOT**.

This Order constitutes a final judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate this case.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date: March 5, 2025